**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Valerie C. Schmitz, individually and as Personal Representative of the ESTATE OF DAVID J. SCHMITZ,<br><br>Plaintiff,<br><br>v.<br><br>LOCKHEED MARTIN CORPORATION, ROCKWELL COLLINS, INC., TELEDYNE RISI, INC., d/b/a Teledyne Electronic Safety Products, TELEDYNE RISI, INC., d/b/a Teledyne Energetics, and TELEDYNE TECHNOLOGIES, INC.,<br><br>Defendants. | Case No.  3:22-CV-02419-MGL<br><br>**DEFENDANTS TELEDYNE RISI, INC., D/B/A TELEDYNE ENERGETICS, TELEDYNE RISI, INC., D/B/A TELEDYNE ELECTRONIC SAFETY PRODUCTS, AND TELEDYNE TECHNOLOGIES INC.'S MOTION TO DISMISS OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT** |

Defendants, Teledyne RISI, Inc., d/b/a Teledyne Electronic Safety Products and Teledyne RISI, Inc., d/b/a Teledyne Energetics ("Teledyne"), and improperly named Defendant Teledyne Technologies Inc., move to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 10(b) or, in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e), because Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted against Teledyne. Plaintiff's Amended Complaint alleges seven claims of relief against Teledyne – Strict Liability, Misrepresentation / Breach of Warranties, Failure to Warn, Death by Wrongful Act, Spousal Damages, Punitive Damages and Violations of the South Carolina Unfair Trade Practices Act.  Plaintiff's Amended Complaint fails to comply with the Federal Rules of Civil Procedure and is an impermissible "shotgun pleading" by its repeated incorporation of allegations and claims in its 186 numbered paragraphs, and further by Plaintiff's failure to

specifically identify the alleged actions of each Defendant or to differentiate between defendants among the ten individual claims.  This method of pleading prevents each Defendant from being able to discern the precise allegations against it and to frame an adequate response those allegations. In addition, Plaintiff's claim for violation of the South Carolina Unfair Trade Practices cannot be alleged in a representative capacity and Plaintiff has not alleged an ascertainable damage in her individual capacity. Plaintiff's Amended Complaint should therefore be dismissed as to all claims against Teledyne. In the alternative, Plaintiff should be required to provide a more definite statement.

## **STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the "dismissal of an action if the complaint fails 'to state a claim upon which relief can be granted.'" *FCCI Ins. Co. v. Island Pointe, LLC*, 309 F. Sup. 3d 399, 403 (D.S.C. 2018). "[I]n reviewing a Rule 12(b)(6) motion, 'the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.'" *Id*. (quoting *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face[,]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009), and "a court should not grant a Rule 12(b)(6) motion unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief." *Brown-Thomas v. Hynie*, 412 F. Supp. 3d 600, 605 (D.S.C. 2019) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In addition, Rule 12(e) of the Federal Rules of Civil Procedure provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

## **ARGUMENT**

**I.   Plaintiff's Amended Complaint should be dismissed as an impermissible "shotgun pleading" or, in the alternative, Plaintiff should be required to provide a more definite statement.**

A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). Rule 8(a)(2) requires the complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "If doing so would promote clarity," Rule 10(b) mandates that "each claim founded on a separate transaction or occurrence ... be stated in a separate count ...." *Id.* The "self-evident" purpose of these rules is "to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland*, 792 F.3d at 1320 (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting))). These rules were also written for the benefit of the court, which must be able to determine "which facts support which claims," "whether the plaintiff has stated any claims upon which relief can be granted," and whether evidence introduced at trial is relevant. *Id.* (quoting *T.D.S.*, 760 F.2d at 1544 n.14 (Tjoflat, J.,dissenting)).

Rule 10(b) of the Federal Rules of Civil Procedure provides that "a party must state its claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Addahoumi v. Pastides,* 3:16-CV-1571-CMC-SVH, 2018 WL 636122, at *2 (D.S.C. Jan. 30, 2018), *aff'd*, 745 Fed. Appx. 478 (4th Cir. 2018), and *aff'd*, 745 Fed. Appx. 478 (4th Cir. 2018). This requirement exists to prevent the court from having to constantly cross-reference the lengthy facts section and "wade indeterminately through the morass of superfluous

detail." *Id. citing North Carolina v. McGuirt*, 114 Fed. Appx. 555, 559 (4th Cir. 2004); see also *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (affirming the district court's dismissal of a complaint that incorporated by reference 146 numbered paragraphs of factual allegations into each claim and incorporated allegations of preceding claims).

As the Court in *Addahoumi* specifically warns against, the ten-count Amended Complaint impermissibly realleges all allegations and re-incorporates the 186 total paragraphs from each successive count after the first. *See* Am. Compl. at ¶¶ 78, 95, 109, 114, 120, 135, 150, 169, 173 & 179. (ECF No. 37) This results in an improper combination of allegations between and among claims among the different Defendants in this case. For example, all of the "allegations" relating to Plaintiff's Negligent Supervision claim against Defendant Lockheed in Count 3 are reasserted in Plaintiff's punitive damages claim against seemingly all Defendants in Count 9. *See* Am. Compl. at ¶¶s 109 & 173. (ECF No. 37 at pp. 17, 29) This pleading defect prevents Teledyne from reasonably framing a response to each separate count and the Amended Complaint should be dismissed.

In addition to the foregoing, "there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321-24 (11th Cir. 2015) (footnotes omitted). Under the 11th Circuit's analysis in *Weiland*, Plaintiff fails to adequately identify in each of its ten counts the specific counts against Teledyne from the counts asserted against the other Defendants.

In Count 1, Plaintiff attempts to plead a claim for strict liability against each Defendant, without specifying which Defendant was a designer, manufacturer, certificate holder, distributor, seller, modifier, contractor, subcontractor, installer and/or marketer of the product(s) giving rise

4

to Plaintiff's claim, which Defendant(s) designed, manufactured, modified, distributed or sold "the aircraft, ACES II seat, DRS and other aircraft components," or which product(s) had a "safer alternative design." *See* Am. Compl. ¶¶ 78-94 (EFC No. 37 at p. 12). This method of pleading prevents Teledyne from being able to discern which portions of the allegations in Count 1 are directed against it in a way that would allow Teledyne to frame an adequate response.

In Count 2, Plaintiff attempts to plead a claim for misrepresentation and breach of warranties against each Defendant, but fails to identify which Defendants "expressly and impliedly" made the specific representations identified by Plaintiff and which Defendants failed to disclose alleged deficiencies or defects in the product(s). *See* Am. Compl. ¶¶ 95-98 (ECF No. 27 at pp. 14 – 15). Plaintiff states "the product" giving rise to Plaintiff's claim or injury was not suitable for a particular purpose *without* identifying "the product" itself or the particular purpose for which it was allegedly not suitable. *See* Am.Compl. ¶¶ 102-108. (ECF No. 27 at p. 16). This method of pleading prevents Teledyne from discerning which the portions of the allegations in Count 2 are directed against it in a way that would allow Teledyne to frame an adequate response.

In Count 4, Plaintiff attempts to plead a claim for failure to warn against each Defendant, without specifying which Defendant had what knowledge regarding the "subject F-16, ejection seat and DRS, parts, components, manuals, and instructions" and the alleged defects therein, and which Defendants were responsible for the "defects" and "lack of warnings" on what product(s) or component(s) resulting in injury to the Plaintiff. *See* Am. Compl. ¶¶ 114-119 (ECF No. 37 at pp. 17 – 18). This method of pleading prevents Teledyne from being able to discern which portions of the allegations in Count 4 are directed against it in a way that would allow Teledyne to frame an adequate response.

In Count 7, Plaintiff attempts to plead a claim for wrongful death against Teledyne. However, Plaintiff realleges and incorporates all "foregoing allegations" into Count 7. *See* Am. Compl. ¶ 150 (ECF No. 37 at p. 26). As a result, Count 7 includes and contains all of the allegations stated in Counts 1 through 6, as well as the factual allegations stated in paragraphs 1 through 77. Further, Count 7 would include and contain, by reference, all allegations stated in Counts 8 through 10 as well, because Counts 1 through 6 each incorporate by reference "all other paragraphs" of the Amended Complaint. *See* Am. Compl. ¶¶ 78, 95, 109, 114, 120 & 135 (ECF No. 37 at pp. 13, 16, 18, 19, 22). This method of pleading prevents Teledyne from framing an adequate response to Count 7.

In Count 8, Plaintiff attempts to plead a claim for spousal damages against seemingly each Defendant, without specifying which of the Defendants' "negligent, grossly negligent, reckless wanton and willful acts and omissions" give rise to this claim. *See* Am. Compl. ¶¶ 169-172 (ECF No. 37 at p. 29). This method of pleading prevents Teledyne from being able to discern which portions of Plaintiff's allegations in Count 8 are directed against it in a way that would allow Teledyne to frame an adequate response.

In Count 9, Plaintiff attempts to plead a claim for punitive damages against each Defendant, without specifying which Defendant is allegedly under criminal investigation that would give rise to such a claim, identifying the actions of any Defendant that are criminal in a manner to support such a claim, or identifying the act(s) of specific defendants that amount to "willful, wanton, egregious, outrageous and actionable behavior, which was knowingly and intentionally undertaken and is dangerous and deadly" so as to support such a claim. *See* Am. Compl. ¶¶ 173-178 (ECF No. 37 at pp. 29 – 30). This method of pleading prevents Teledyne from being able to discern the

portions of the allegations in Count 9 that are directed against it in a way that would allow Teledyne to frame an adequate response.

In Count 10, Plaintiff attempts to plead a claim for violation of South Carolina's Unfair Trade Practices Act against each Defendant, without specifying which Defendant made specific "false, misleading and deceptive marketing and other representations" and to whom. The Count fails to specify which Defendant had "deceptive practices" or the actual deceptive practices. The Count fails to identify the practices that impacted or harmed the public interest, and which Defendant had "actual knowledge" regarding its practices, statements, representations, marketing, manuals and/or revisions to support this claim. *See* Am. Compl. ¶¶ 179-186 (ECF No. 37 at pp. 31 – 33). This method of pleading prevents Teledyne from being able to discern which portions of the allegations in Count 10 are directed against it in a way that would allow Teledyne to frame an adequate response.

Given these pleading deficiencies and Plaintiff's failure to meet the standards provided by the Federal Courts in *Addahoumi*, *Weiland*, and other guiding precedent, the Court is left to "wade indeterminately through the morass of superfluous detail" in attempt to discern the applicability of allegations and allocate them among the various Defendants in this case. Furthermore, these issues will make future Motions for Partial or Complete Summary Judgment more difficult for the Court to rule upon and the Court may be required to grant or deny any such motions based on lines and sentences within the Amended Complaint rather than an individual Count as to a particular defendant.

Even construing the facts in the Amended Complaint in a light most favorable to Plaintiff, the facts and claims are so improperly pleaded that Teledyne, and the other Defendants for that matter, are entitled to the protections of Rule 12(b), which prevent a plaintiff from asserting claims

in a "shotgun pleading" as is the case here. Teledyne's Motion to Dismiss pursuant to Rule 12(b)(6) is appropriately brought to address the inadequacies of the Amended Complaint, and Counts 1, 2, 4, 7, 8, 9, and 10 should be dismissed. In the alternative, Plaintiff should be required to address these deficiencies by providing a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

### II. Plaintiff's claim for Violation of the South Carolina Unfair Trade Practices Act must be dismissed because that claim cannot be brought in a representative capacity.

The South Carolina Unfair Trade Practices Act ("SCUPTA") states that "[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by Section 39-5-20 may bring an action individually, **but not in a representative capacity**, to recover actual damages." S.C. Code § 39-5-140(a)(emphasis addeded). "When interpreting a statute, this Court's primary function is to ascertain the intention of the Legislature." *Plowman v. Bagnal*, 316 S.C. 283, 285, 450 S.E.2d 36, 37 (1994). "The Court must give clear and unambiguous statutory terms their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation. *Id*.

"By statute, however, a SCUTPA claim cannot be brought in a representative capacity – SCUPTA prohibits the survival of a cause of action after a plaintiff's death." *Williams v. Preiss-Wal Pat III, LLC*, 17 F.Supp.3d 528, 538 (D.S.C. 2014). "SCUPTA, however, prohibits a plaintiff from brining a suit in a representative capacity." *Dema v. Tenet Physician Servs.-Hilton Head, Inc.*, 383 S.C. 115, 122, 678 S.E.2d 430, 434 (2009). "An unfair trade practice claim may not be brought in a representative capacity." *Wogan v. Kunze*, 366 S.C. 583, 609 623 S.E.2d 107, 121 (Ct. App. 2005).

Here, Plaintiff brought her SCUPTA claim in a representative capacity as evidenced by the allegations contained in Paragraph 185 of the Amended Complaint which focus on the harm suffered by the "Decedent pilot." *See* Am. Compl. ¶ 185 (ECF No. 27 at p. 33). This paragraph states that "consumers were harmed, including the Decedent pilot, who was injured and killed" *Id*. This clearly demonstrates Plaintiff's SCUPTA claim is brought on behalf of the Decedent pilot and *not* on behalf of the Plaintiff herself. The statutory language contained in SCUPTA, and the case law interpreting it, are clear that a party cannot maintain a SCUPTA cause of action in a representative capacity as Plaintiff attempts to do in the Amended Complaint.

Further, Plaintiff has not alleged any facts to demonstrate that she suffered any ascertainable loss herself which resulted from any defendant's us of an unlawful, unfair, or deceptive method, act or practice, and thus Plaintiff cannot demonstrate any harm that she has suffered her in individual capacity. Plaintiff was not a consumer of any of the products described in the Amended Complaint. Plaintiff has also not alleged facts that she suffered some ascertainable damage as required by the statute. Plaintiff has stated that she is entitled to bring this action for "any ascertainable loss" but has not specifically alleged that she, individually, has suffered any ascertainable loss of money or property as required under S.C. Code § 39-5-140(a). Absent such an allegation, she cannot bring a SCUPTA claim in her individual capacity. Mrs. Schmitz is not the ultimate consumer of the F-16 or any of its component parts, so she cannot bring a claim under SCUPTA in her individual capacity. As a result, Teledyne respectfully requests this Court dismiss Plaintiff's claim for violation of the South Carolina Unfair Trade Practices act with prejudice.

### III.    Teledyne Technologies, Inc. should be dismissed as an improper party.

Teledyne RISI, Inc., d/b/a Teledyne Electronic Safety Products and Teledyne RISI, Inc., d/b/a Teledyne Energetics are the correct parties in interest. The presence of the other Teledyne

9

Defendant entity in this case, Teledyne Technologies, Inc., amounts to simple misjoinder and Teledyne Technologies, Inc. should be dismissed from the action pursuant to the Court's authority under Rule 21 of the Federal Rules of Civil Procedure. The Federal Courts are provided "broad discretion under Rule 21 to dismiss an improper party" in a given action. *United States v. Testa*, 548 F.2d 847, 856 (9th Cir. 1977).   Counsel for Teledyne previously addressed this issue with counsel for Plaintiff via a September 1, 2022 letter requesting the parties come to a mutual agreement.  (Ex. A, Letter to Counsel for Plaintiff re: Teledyne Entities).

On December 31, 2012, Teledyne Technologies, Inc. transferred all assets, liabilities and contracts to Teledyne RISI, Inc., which transfer also included a novation agreement on all contracts with the Navy and Air Force.  Further, in 1999 there was a divestiture of all assets, operations and liabilities of the d/b/a Teledyne Electronic Safety Products from Teledyne Technologies, Inc., which divestiture pre-dates the contract with the Air Force and build of the particular DRS unit and other components that are at issue in this case.  At all times material, Teledyne Technologies, Inc. was no longer affiliated with the proper defendants in this case, nor would Teledyne Technologies, Inc. have had any knowledge of, or involvement with, the facts, products, or issues giving rise to any of Plaintiff's claims.

The removal of Teledyne Technologies, Inc. will not prejudice Plaintiff nor impact Plaintiff's claims for relief against the proper Defendant entities, Teledyne RISI, Inc., d/b/a Teledyne Electronic Safety Products and Teledyne RISI, Inc., d/b/a Teledyne Energetics. As a result, Teledyne respectfully requests this Court address the misjoinder of Teledyne Technologies, Inc. pursuant to its "broad discretion" under Federal Rule of Civil Procedure 21 and remove of Teledyne Technologies, Inc. as a defendant in this action.

## CONCLUSION

WHEREFORE, Defendants, Teledyne RISI, Inc., d/b/a Teledyne Electronic Safety Products, Teledyne RISI, Inc., d/b/a Teledyne Energetics, and Teledyne Technologies, Inc., respectfully request that this Court dismiss the above-referenced counts of the Amended Complaint, remove improper Defendant Teledyne Technologies, Inc. from this action, and enter any other relief the Court deems appropriate.

Respectfully submitted,

/s/ Nicholas C. C. Stewart
Nicholas C. C. Stewart, Esq.
J. Bennett Crites, III, Esq.
SHUMAKER, LOOP & KENDRICK, LLP
176 Croghan Spur, Ste. 400
Charleston, SC 29407
nstewart@shumaker.com
bcrites@shumaker.com
(843) 966-1928
*Attorneys for Teledyne RISI, Inc., d/b/a Teledyne Electronic Safety Products, Teledyne RISI, Inc., d/b/a Teledyne Energetics, and Teledyne Technologies Incorporated*

AND

Michael J. Schofield, Esq. (pro hac vice)
Jeremy C. Branning, Esq. (pro hac vice)
Andrew M. Spencer, Esq. (pro hac vice)
J. Troupe Brewer, Esq.
CLARK PARTINGTON Attorneys At Law
125 E. Intendencia St., 4th Floor
Pensacola, FL 32502
(850) 434-9200
mschofield@clarkpartington.com
jbranning@clarkpartington.com
aspencer@clarkpartington.com
tbrewer@clarkpartington.com
*Attorneys for Teledyne RISI, Inc., d/b/a Teledyne Electronic Safety Products, Teledyne RISI, Inc., d/b/a Teledyne Energetics, and Teledyne Technologies Incorporated*