# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Valerie C. Schmitz, individually and as Personal Representative of the ESTATE OF DAVID J. SCHMITZ,<br><br>Plaintiff,<br><br>v.<br><br>LOCKHEED MARTIN CORPORATION, ROCKWELL COLLINS, INC., TELEDYNE RISI, INC., d/b/a TELEDYNE ELECTRONIC SAFETY PRODUCTS, TELEDYNE RISI, INC. d/b/a TELEDYNE ENERGETICS, and TELEDYNE TECHNOLOGIES, INC.,<br><br>Defendants. | Case No. 3:22-cv-02419-MGL<br><br>**DEFENDANT LOCKHEED MARTIN CORPORATION'S PARTIAL MOTION TO DISMISS AND MEMORANDUM IN SUPPORT** |

Defendant Lockheed Martin Corporation ("Lockheed"), by and through the undersigned counsel, submits this Partial Motion to Dismiss and Memorandum in Support pursuant to Fed. R. Civ. P. 12(b)(6) showing the Court: (1) Plaintiff failed to assert allegations sufficient to maintain a claim for negligent supervision against Lockheed; and (2) Plaintiff is barred from bringing an action under the South Carolina Unfair Trade Practices Act – S.C. Ann. Code § 39-5-10, *et seq*. ("SCUTPA"). Pursuant to Local Civ. Rule 7.04 (D.S.C.), a supporting memorandum is not required as a full explanation of the motion is set forth herein and would serve no useful purpose. For the reasons set forth below, Lockheed respectfully requests the Court dismiss with prejudice Counts Three and Ten of Plaintiff's Amended Complaint.[1] (Doc. 37, Am. Compl.)

---

[1] Lockheed denies all claims of negligence or wrongdoing asserted against it in the Amended Complaint and reserves its right to assert the appropriate denials and affirmative defenses in its Answer. Lockheed moves pursuant to Rule 12(b)(6) to dismiss the negligent supervision and unfair trade practice claims as those specific claims fail as a matter of law.

## I. PLAINTIFF'S ALLEGATIONS

This case arises from a mishap involving a United States Air Force F-16 fighter jet at Shaw Air Force Base near Sumter, South Carolina on June 30, 2020. (Doc. No. 37, Am. Compl., ¶¶ 8-11.) Plaintiff's Decedent, First Lieutenant (1st Lt.) David J. Schmitz, was killed after ejecting from the F-16 he was piloting. (*Id.*) Plaintiff alleges, *inter alia*, that the ejection seat, *i.e.* the Advanced Concept Ejection Seat II ("ACES II") failed to function as designed when its Digital Recovery Sequencer ("DRS") malfunctioned and his parachute failed to deploy during the ejection sequence. (*Id.*) Plaintiff further alleges that (1) Lockheed Martin designs, manufactures, and sells the F-16; (2) Defendant, Rockwell Collins, Inc. ("Collins"), designs, manufactures, and sells the ACES II; and (3) Defendants, Teledyne Risi, Inc. d/b/a Teledyne Electronic Safety Products, Teledyne Risi, Inc. d/b/a Teledyne Energetics, and Teledyne Technologies, Inc. (collectively "Teledyne"), designs, manufactures, and sells the DRS. (*Id.* ¶¶ 17, 23, 26.)

Plaintiff asserts ten state-law causes of action against Defendants: (1) strict liability; (2) misrepresentation/breach of warranties; (3) negligent supervision; (4) failure to warn; (5) death by wrongful act, S.C. Code § 15-51-10 by Lockheed; (6) death by wrongful act, S.C. Code § 15-51-10 by Collins; (7) death by wrongful act, S.C. Code § 15-51-10 by Teledyne; (8) spousal damages pursuant to S.C. Code § 15-75-20; (9) punitive damages under the Noneconomic Damages Award Act of 2005; and (10) violation of SCUTPA. (*Id.* ¶¶ 78-186.)

In regard to the negligent supervision claim, Plaintiff alleges that Lockheed was negligent in the supervision of Collins and Teledyne with respect to the design and manufacture of the ACES II and DRS. (*Id.* ¶¶ 109-113.) Notwithstanding, Plaintiff's Amended Complaint does not contain any allegations that Lockheed had an employer/employee relationship with Collins and/or Teledyne that would serve as the predicate for a negligent supervision claim. The Amended

Complaint also does not contain any allegations that Collins or Teledyne were independent contractors of Lockheed or that Lockheed otherwise had any contractual obligations or duty to control, oversee, monitor, or inspect Collins' and/or Teledyne's design and/or manufacture, etc. of the ACES II or DRS. Instead, Plaintiff alleges that Collins and Teledyne are separately owned and operated companies, and that they independently designed, manufactured, and provided components of the ACES II and DRS. (Doc. 37, Am. Compl. ¶¶ 3-5, 23, 26-28).

With respect to the SCUTPA claim, Plaintiff alleges that due to the alleged unfair and deceptive conduct of Defendants, consumers including 1st Lt Schmitz were harmed and "they" are entitled to bring this action under South Carolina law. (*Id.*, ¶ 185.) Plaintiff does not claim that she was individually harmed by the alleged unfair trade practices. Also, Plaintiff does not allege that Defendants' alleged conduct with respect to the F-16, ACES II, and/or DRS occurred in the past or that Defendants' procedures created a potential for repetition (as required by SCUTPA). Rather, Plaintiff simply asserts that since Defendants were allegedly aware of issues with the F-16, ACES II, and DRS, there is a potential for them to repeat their unfair trade practices. (Doc. 37, Am. Compl. ¶ 181).

## II.     ARGUMENT AND CITATION OF AUTHORITIES

### A. Standard for Motion to Dismiss.

Under Fed. R. Civ. P. 12(b)(6), a claim must be dismissed when the factual allegations asserted in the complaint, accepted as true and construed in the light most favorable to the plaintiff, fail to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."

*Twombly*, 550 U.S. at 555-56.

In evaluating a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), the Court must view the factual allegations of Plaintiff's Amended Complaint as true. However, "any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that 'they plausibly give rise to an entitlement to relief.'" *In re Bldg. Materials Corp. of Am. Asphalt Roofing Shingle Prods. Liab. Litig.*, Civil Action No. 8:12-cv-00082, 2013 U.S. Dist. LEXIS 43032, *5 (D. S.C. March 27, 2013). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. As set forth below, Plaintiff failed to assert any allegations plausibly giving rise to viable claims of negligent supervision and violations of SCUTPA. For this reason, dismissal of these claims is proper.

**B. Plaintiff Fails to State a Claim for Negligent Supervision Against Lockheed in Count Three of Her Amended Complaint.**

Plaintiff fails to state a claim for negligent supervision because she fails to allege that Collins and/or Teledyne were employees of Lockheed so as to make Lockheed liable for their actions under the rubric of negligent supervision. *See Holcombe v. Helena Chem. Co.*, 238 F. Supp. 3d 767, 771-73 (D. S.C. 2017) (discussing the different formulations of negligent supervision claims under South Carolina law and recognizing that an ***employer*** is under a duty to in some circumstances to exercise reasonable care to control an ***employee*** acting within or outside the scope of employment). In South Carolina, "an employer may be liable to a third person for its negligence in the training and supervision of its employees." SC JI CIVIL § 5-8. "The basis of the employer's liability for negligent supervision is direct liability." *Id.* "To invoke the theory of liability based on negligent supervision, it is necessary to show the employer knew or should have

known its employee behaved in a dangerous or otherwise incompetent or unfit manner, and that the employer, armed with this actual or constructive knowledge, failed to adequately supervise the employee." *Id.*

In this case, Plaintiff does not (nor could she) allege the condition precedent to a negligent supervision claim, *i.e.* that Lockheed employed Collins and/or Teledyne.  Rather, Plaintiff alleges that: (1) Collins and Teledyne are separately owned and operated companies, and (2) Collins and Teledyne independently designed, manufactured, and provided components of the ejection system. (Doc No. 37, Am. Compl., ¶¶ 3-5, 23, 26-28.) As such, Plaintiff's claim for negligent supervision fails as a matter of law.

Furthermore, Plaintiff does not assert that Collins and Teledyne were independent contractors of Lockheed.  But, even assuming, *arguendo*, Plaintiff has somehow implied that Collins and/or Teledyne was an independent contractor of Lockheed, her claim for negligent supervision still fails.  South Carolina courts generally hold that an employer is not liable for torts of an independent contractor. *See Creighton v. Coligny Plaza Ltd. Ptsp.*, 334 S.C. 96, 116, 512 S.E.2d 510 (Ct. App. 1998).  "A contractor is not liable for injuries or damage caused by the negligence of its subcontractor, unless it can be shown that the contractor retained or exercised control over the subcontractor's work."  *Evergreen Intern., S.A. v. Marinex Const. Co., Inc.*, 477 F. Supp. 2d 690, 696 (D. S.C. 2007).  Moreover, an employer is only liable for the torts of a hired independent contractor where:

> (1) the employer provides 'plans and specifications' to the independent contractor which are insufficient to maintain the project in a reasonably safe condition; (2) the employer employs an independent contractor to do work which the employer should recognize as likely to create, during its progress, a peculiar unreasonable risk of harm to others unless special precautions are taken, and employer fails to take such 'special precautions'; (3) the employer employs an independent contractor to repair a public thoroughfare; (4) the employer has an independent duty

5

>pursuant to statute or regulation to provide specific safeguards or precautions for the safety of others; and (5) the employer exercises a degree of supervisory control over the independent contractor and fails to exercise such control with reasonable care.

*Id.* at 693 (citing to sections of the Restatement (Second) of Torts).

In *Evergreen*, Marinex was awarded a dredging contract by the United States Army Corps of Engineers to dredge portions of the Cooper River. *Id.* at 691. Marinex then entered into a subcontract with Norfolk Dredging Company, Inc. ("Norfolk") to perform a portion of the dredging. *Id.* Expressly stated in the subcontract was that Norfolk would "perform all work in accordance with the U.S. Army Corps of Engineers Plans and Specifications." *Id.* at 692. While Norfolk was dredging, the plaintiff's boat struck a part of Norfolk's dredging equipment. *Id.* The plaintiff then filed suit against both Marinex and Norfolk, asserting allegations such as negligent supervision against Marinex. *Id.*

The undisputed evidence showed Marinex subcontracted with Norfolk and that Norfolk was an independent contractor, not agent, of Marinex. *Id.* at 693. The plaintiff also conceded that South Carolina law generally holds "an employer is not liable for the negligence of an independent contractor." *Id.* However, the plaintiff attempted to argue one of the five generally held exceptions applied. *Id.* The Court expressly rejected the plaintiff's argument finding the evidence showed: (1) the plans and specifications provided by Marinex were those that were derived directly from the Army Corps and that there was no evidence Marinex gave any orders or directions to the contrary; (2) there was no evidence Marinex had an obligation to give more specific plans; (3) the act of dredging did not present any ultra-hazardous risk; (4) there was no administrative regulation that required Marinex to provide specific safeguards on the project; and (5) Marinex's supervision was only for the purpose of seeing that the specific work was done in accordance with the contract and

quality control. *Id.* at 693-96.

Here, as stated above, Plaintiff fails to even allege that Collins and/or Teledyne were independent contractors for whose conduct Lockheed asserted control. That is fatal to the negligent supervision claim. But, even if Plaintiff were to have claimed that Collins and Teledyne were independent contractors of Lockheed, Plaintiff failed to assert any allegations by which these circumstances would fall within one of the five exceptions to South Carolina's general rule that employers are not liable for the conduct of their independent contractors. (*See* Doc. 37, Am. Compl.) First, Plaintiff alleges the subject specifications were created and amended pursuant to a contract with the United States Air Force as opposed to Lockheed. (*Id.* at ¶ 14.) Second, there is no allegation Lockheed provided any instructions or orders to Collins or Teledyne to deviate from the Air Force's designs or specifications. (*Id.*) Third, there is no allegation that the act of assembling an aircraft presents any peculiar unreasonable risk of harm that would require special precautions. (*Id.*) Fourth, there is no allegation that Lockheed had a statutory or regulatory duty to provide safeguards to third parties while an aircraft is being assembled. (*Id.*) Fifth, there is no allegation that Lockheed maintained control over the manner and method of Collins' or Teledyne's operations. (*Id.*) As a result thereof, Plaintiff's Amended Complaint fails to state a claim for negligent supervision against Lockheed. Lockheed respectfully requests the Court dismiss Count Three of Plaintiff's Amended Complaint with prejudice.

### C. Plaintiff Fails to State a Cause of Action Under the SCUTPA.

Plaintiff fails to state a cause of action under SCUTPA because (1) SCUTPA expressly prohibits her from bringing such a claim in her representative capacity; and (2) the Amended Complaint does not allege sufficient facts to show an adverse impact on the public interest.

### 1. Plaintiff Cannot Bring a SCUTPA Claim in Her Representative Capacity.

SCUTPA expressly prohibits claims brought by anyone "in a representative capacity." S.C. Code Ann. § 39-5-140(a). South Carolina courts strictly interpret this statute as an absolute bar to these claims. *See Wogan v. Kunze*, 366 S.C. 583, 609, 623 S.E. 2d 107 (Ct. App. 2005); *see also Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 538-39 (D. S.C. 2014). Plaintiff alleges that consumers, including 1st Lt. Schmitz were harmed by Defendants' alleged unfair and deceptive conduct. (Doc. 37, Am. Compl. ¶ 185.) She does not allege that she was ***individually*** harmed by the alleged unfair trade practices. Therefore, since Plaintiff seeks to recover damages for an alleged violation of SCUTPA in her representative capacity, such claim should be dismissed with prejudice.

### 2. Plaintiff Did Not Allege Sufficient Facts to Show an Adverse Impact on the Public Interest.

SCUTPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." S.C. Code Ann. § 39-5-20(a). "To recover in an action under the Act, the plaintiff must show: (1) the defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected public interest; and (3) the plaintiff suffered monetary or property loss as a result of the defendant's unfair or deceptive act(s)." *Turner v. Kellett*, 426 S.C. 42, 48, 824 S.E.2d 466 (Ct. App. 2019) (*quoting Wright v. Craft*, 372 S.C. 1, 23, 640 S.E.2d 486 (Ct. App. 2006) (internal brackets omitted). "An impact on the public interest may be shown if the acts or practices have the potential for repetition." *Singleton v. Stokes Motors, Inc.*, 358 S.C. 369, 379, 595 S.E.2d 461 (2004). "The potential for repetition may be shown in either of two ways: (1) by showing the same kind of actions occurred in the past, thus making it likely they will continue to occur absent deterrence; or (2) by showing

the company's procedures created a potential for repetition of the unfair and deceptive acts." *Id.*

Furthermore, SCUTPA also expressly directs the courts to apply the interpretations and applications § 5(a) (1) of the Federal Trade Commission Act ("FTCA") in its evaluation of claims brought under SCUTPA.  S.C. Ann. Code § 39-5-20.  In doing so, this Court has routinely held that SCUTPA relief is limited to only actions in which public interest is affected.  *Rhoades v. Savannah River Nuclear Sols., LLC*, 574 F. Supp. 3d 322, 338 (D. S.C. 2021).  "Under § 45(a) of the Federal Trade Commission Act, 'the mere fact that it is to the interest of the community that private rights shall be respected is not enough to support a finding of public interest,' rather the public interest 'must be specific and substantial.'"  *Id.*  The failure to set forth such specific allegations is fatal to a claim for violations of SCUTPA. *Id.*

Plaintiff's Amended Complaint fails to state a plausible SCUTPA claim because it does not allege sufficient facts to show an adverse impact on the public interest.  First, the case arises out of a mishap involving a military aircraft.  Plaintiff does not claim that the alleged unfair methods of competition, deceptive acts, or practices were directed at the consuming public.  Rather, as alleged in the Amended Complaint, the F-16 is a fighter aircraft developed and sold the United States Air Force.  (Doc. 37, Am. Compl. ¶¶ 14-15.)  This particular F-16 was assigned to the 77th Fighter Squadron, 20th Fighter Wing at Shaw Air Force Base.  (*Id.*, ¶ 16.)  There is no impact on the public interest because the product in question is an F-16 that is unavailable to the public, as opposed to an automobile for example.

Second, Plaintiff's conclusory statements that there is an impact on the public interest because of a potential to repeat due to Defendants' alleged awareness of the issues with the DRS is not enough under South Carolina law.  *Singleton*, 358 S.C. at 379.  There are no facts pled that indicate that Defendants' alleged unfair trade practices occurred in the past or that Defendants'

9

procedures created a potential for repetition of the alleged unfair and deceptive acts. Hence, there are no facts asserted which support Plaintiff's legal conclusion that there is a potential for repetition. Accordingly, there is no basis for Plaintiff's SCUTPA claim and this Court should dismiss it with prejudice.

### III.   CONCLUSION

For the reasons set forth above and in accordance with the authorities cited herein, Plaintiff failed to state a claim for negligent supervision and a violation of South Carolina's Unfair Trade Practices Claim Act. As such, Lockheed respectfully requests the Court dismiss Counts Three and Ten with prejudice.

Respectfully submitted,

*s/ Charles A. Kinney*
Charles A. Kinney (Fed. ID No. 10580)
Wilson Elser Moskowitz Edelman & Dicker LLP
525 North Tyron Street, Suite 1600
Charlotte, North Carolina 28202
Tel:  (704) 302-1353
Fax:  (704) 302-1331
charles.kinney@wilsonelser.com

William J. Katt (pro hac vice)
John P. Loringer (pro hac vice)
David A. Frank II (pro hac vice)
Wilson Elser Moskowitz Edelman & Dicker LLP
555 East Wells Street, Suite 1730
Milwaukee, Wisconsin 53202
Tel:  (414) 276-8816
Fax:  (414) 276-8819
william.katt@wilsonelser.com
john.loringer@wilsonelser.com
david.frank@wilsonelser.com

Eleanor G. Jolley (pro hac vice)
Wilson Elser Moskowitz Edelman & Dicker LLP
3348 Peachtree Road NE, Suite 1400
Atlanta, Georgia 30342
Tel: (470) 419-6650
Fax: (470) 419-6651
eleanor.jolley@wilsonelser.com

***Attorneys for Lockheed Martin Corporation***

September 27, 2022
Columbia, South Carolina