# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| VALERIE C. SCHMITZ, individually and as Personal Representative of the ESTATE OF DAVID J. SCHMITZ, deceased,<br><br>*Plaintiffs*,<br><br>vs.<br><br>LOCKHEED MARTIN CORPORATION, COLLINS AEROSPACE, a subsidiary of RAYTHEON TECHNOLOGIES, TELEDYNE ELECTRONIC SAFETY PRODUCTS, a division of TELEDYNE ENERGETICS, an operating unit of TELEDYNE TECHNOLOGIES, INC.,<br><br>*Defendants*. | CASE NO.: 3:22-CV-02419-MGL<br><br>**PLAINTIFF'S AMENDED RESPONSES TO RULE 26.03 INTERROGATORIES** |

Plaintiff VALERIE C. SCHMITZ by her undersigned attorneys, submit the following answers in response to Local Rule 26.03 Interrogatories:

1. A short statement of the facts.

**ANSWER:** This action is brought by the Plaintiff for the death of her husband, First Lieutenant (1stLt) David J. Schmitz, United States Air Force (USAF), who on June 30, 2020, suffered grievous injuries and ultimately was killed when he ejected from his stricken F-16 "Fighting Falcon" fighter jet. Upon ejecting, 1stLt Schmitz's Advanced Concept Ejection Seat failed to function as designed when its Digital Recovery Sequencer malfunctioned, and his ejection seat parachute failed to deploy.

2. The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**ANSWER:**   At this time the Plaintiff identifies the following:

1. Plaintiff Valerie C. Schmitz - contact through counsel;

2. Any and all current and former employees, servants, or agents of Lockheed Martin Corporation who can testify about this and similar accidents, as well as the designing, manufacturing, assembling and selling of aircraft to the public, and instructions for continued airworthiness;

3. Any and all current and former employees, servants, or agents of Rockwell Collins, Inc. who can testify about this and similar accidents, as well as the designing, manufacturing, assembling, testing, integration, inspection, service, repair and modification of the ACES II ejection seat to the public, and instructions for continued airworthiness;

4. Any and all current and former employees, servants, or agents of Teledyne Risi, Inc., d/b/a Teledyne Electronic Safety Products who can testify about this and similar accidents, as well as the designing, manufacturing, assembling, testing, integration, inspection, service, repair and modification of the Digital Recovery Sequencer to the public, and instructions for continued airworthiness;

5. Any and all current and former employees, servants, or agents of Teledyne Risi, Inc. d/b/a Teledyne Energetics who can testify about this and similar accidents, as well as the designing, manufacturing, assembling, testing, integration, inspection, service, repair and modification of the Digital Recovery Sequencer to the public, and instructions for continued airworthiness;

6. Personnel from the U.S. Air Force Research Laboratory (AFRL) who will testify about their involvement in the investigation of the accident Digital Recovery Sequencer (DRS).

7. Personnel from the U.S. Air Force Research Laboratory (AFRL) who will testify about their involvement in the investigation to determine whether counterfeit parts existed in the accident Digital Recovery Sequencer (DRS).

8. Personnel from any other U.S. government agency who will testify about their involvement in the investigation to determine whether counterfeit parts existed in the accident Digital Recovery Sequencer (DRS).

9. Personnel from the U.S. Air Force crash fire and rescue at Shaw AFB that responded to the crash of 1stLt. Schmitz's F-16.

10. Personnel from the U.S. Air Force Life Cycle Management Center (AFLCMC) who will testify about their involvement in the

        10-year shelf/service life extensions of the accident Digital Recovery Sequencer (DRS).

11. Personnel from the U.S. Air Force Life Cycle Management Center (AFLCMC) who will testify about their involvement with 1stLt. Schmitz's F-16 accident investigation.

12. Personnel from the U.S. Air Force who will testify about contractual and performance specifications of the Digital Recovery Sequencer (DRS).

13. Personnel from the LOCKHEED MARTIN, ROCKWELL COLLINS, or TELEDYNE who will testify about contractual and performance specifications of the Digital Recovery Sequencer (DRS).

14. Personnel from the U.S. Air Force who will testify about the requirement to modify the F-16 Digital Recovery Sequencer (DRS) with Time Compliance Technical Order 11P2-3-502 (Installation of the Shorting Plug).

15. Personnel from the U.S. Air Force who will testify about the requirement to replace the F-16 Digital Recovery Sequencer (DRS) with the Modernized ACES II Seat Sequencer (MASS).

16. Personnel from LOCKHEED MARTIN, ROCKWELL COLLINS, or TELEDYNE who will testify about the functioning of the ACES II ejection seat installed in the F-16.

17. Personnel from LOCKHEED MARTIN, ROCKWELL COLLINS, or TELEDYNE who will testify about the design, development, procurement of parts, production, and functionality of the Digital Recovery Sequencer (DRS).

18. Personnel from LOCKHEED MARTIN, ROCKWELL COLLINS, or TELEDYNE who will testify about their involvement in the U.S. Air Force investigation of the accident Digital Recovery Sequencer (DRS).

19. Personnel from LOCKHEED MARTIN, ROCKWELL COLLINS, or TELEDYNE who will testify about their involvement in any internal investigation of the malfunction of the accident Digital Recovery Sequencer (DRS).

20. Personnel from LOCKHEED MARTIN, ROCKWELL COLLINS, or TELEDYNE who will testify about all known malfunctions of the Digital Recovery Sequencer (DRS).

21. Personnel from LOCKHEED MARTIN, ROCKWELL COLLINS, or TELEDYNE who will testify about their involvement in the U.S. Air Force's decision to extend the 10-year shelf/service life of all Digital Recovery Sequencers (DRS).

22. Personnel from LOCKHEED MARTIN, ROCKWELL COLLINS, or TELEDYNE who will testify about their involvement in the U.S. Air Force's decision to extend the 10-year shelf/service life of the accident Digital Recovery Sequencer (DRS).

23. Personnel from LOCKHEED MARTIN, ROCKWELL COLLINS, or TELEDYNE who will testify about their involvement in the U.S. Air Force Life Cycle Management Center (AFLCMC) "Quality Evaluation Testing" on the ACES II Digital Recovery Sequencer (DRS).

24. Personnel from LOCKHEED MARTIN, ROCKWELL COLLINS, or TELEDYNE who will testify about company policies and procedures related to the prevention of the introduction of counterfeit parts in the Digital Recovery Sequencer (DRS).

25. Personnel from LOCKHEED MARTIN, ROCKWELL COLLINS, or TELEDYNE who will testify about their involvement in the investigation of counterfeit parts in the accident Digital Recovery Sequencer (DRS).

26. Personnel from LOCKHEED MARTIN, ROCKWELL COLLINS, or TELEDYNE who will testify about the company's quality assurance processes and procedures related to the ACES II ejection seat and the Digital Recovery Sequencer (DRS).

27. Personnel from LOCKHEED MARTIN, ROCKWELL COLLINS, or TELEDYNE who will testify about the company's manufacturing processes and procedures related to the ACES II ejection seat and the Digital Recovery Sequencer (DRS).

28. Personnel from LOCKHEED MARTIN, ROCKWELL COLLINS, or TELEDYNE who will testify about their company's policies and procedures related the procurement of parts of the ACES II ejection seat and the Digital Recovery Sequencer (DRS).

29. Witnesses to the accident and to the events leading up to the accident;

30. Any and all expert witnesses to be identified in accordance with the scheduling order;

31. Any and all witnesses identified by the Defendants; and

32. Plaintiffs reserve the right to supplement these disclosures with additional witnesses pursuant to their continuing obligation to supplement discovery under the Federal Rules of Civil Procedure in the event additional documents or witnesses are discovered by Plaintiffs.

3. The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**ANSWER:**

A. The Plaintiff has retained the services of Robert M. Skelton, Jr. to act as an expert witness in this case. Mr. Skelton will be testifying regarding his expertise as an F-16 pilot/instructor/evaluator, as well as his training for accident/event investigation and his certification as a board president for safety investigations for the USAF.

B. The Plaintiff has retained the services of John Bloomfield to act as an expert witness in this case. Mr. Bloomfield is an electrical engineer with expertise in aircraft electronics and avionics.

C. The Plaintiff has retained the services of Mark Hood to act as an expert witness in the field of metallurgy and failure analysis.

D. The Plaintiff further expects to retain experts in the fields of aircraft component manufacturing and quality control.

Plaintiffff reserves the right to add additional experts once discovery commences and new and additional facts come to light regarding this incident.

4. A summary of the claims or defenses with statutory and/or case citations supporting the same.

**ANSWER:** Plaintiff's claims include strict liability, misrepresentation/breach of warranties, failure to warn, wrongful death, spousal and punitive damages.

5. Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Rule 16.02.

**ANSWER:** A Consent Amended Scheduling Order was submitted by the parties and thereafter filed (dkt #66) on November 10, 2022.

6. The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order.

**ANSWER:** Since this involves a military aircraft, much of the needed discovery is in the possession of the United States Government. The parties drafted a joint Touhy request for documents and information for the prosecution and defense of the current claims. The Touhy request was served on February 9, 2023. Based on recent history, it has taken months and months to get requests answered and documents sent. Further, Plaintiffs recently filed a FOIA request for information regarding the crash and documents regarding components of the ejection seat. The Air Force rejected the FOIA on the basis that there is an ongoing criminal investigation. If a criminal investigation is occurring, this should only further delay efforts by the parties to retrieve information from the government. Plaintiffs appealed the denial of this FOIA on September 19, 2022. Further, Plaintiffs filed a FOIA request on May 2, 2022 for information regarding the Excessive Waiver of Authority reports and supporting documents. Responses to both the FOIA and the appeal of the denial remain outstanding.

7. The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.

**ANSWER:** None known to the Plaintiff at this time.

Dated: March 1, 2023

Respectfully submitted,

MOTLEY RICE LLC

By: /s/ James R. Brauchle
Mary Schiavo, Esq. (D.S.C. No. *10755*)
James R. Brauchle, Esq. (D.S.C. No. 8044)
**MOTLEY RICE LLC**
28 Bridgeside Boulevard Mount Pleasant,
South Carolina 29464
(843) 216-9000 (Office)
(843) 216-9450 (Facsimile)
mschiavo@motleyrice.com
jbrauchle@motleyrice.com